ANDREW L. PACKARD (State Bar No. 168690)
ERIK ROPER (State Bar No. 259756)
EMILY J. BRAND (State Bar No. 267564)
Law Offices of Andrew L. Packard
100 Petaluma Blvd. N Ste 301
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (707) 763-9227
E-mail: andrew@packardlawoffices.com
       erik@packardlawoffices.com
       emily@packardlawoffices.com

Attorneys for Plaintiff CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CORDIANO, an individual dba Jaguar Heaven and DANIEL FRYE, an individual dba Jaguar Heaven,<br><br>Defendants. | Case No. 2:12-CV-01989-LKK-DAD<br><br>**STIPULATION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE; ORDER GRANTING DISMISSAL WITH PREJUDICE [FRCP 41(a)(2)]** |

TO THE COURT:

Plaintiff California Sportfishing Protection Alliance ("CSPA"), and Defendant Anthony Cordiano and Defendant Daniel Frye ("Defendants") (collectively, the "Parties") stipulate as follows:

**WHEREAS**, on or about May 29, 2012, CSPA provided Defendants with a Notice of Violations and Intent to File Suit ("60-Day Notice Letter") under Section 505 of the Federal Water Pollution Control Act ("Act" or "Clean Water Act"), 33 U.S.C. § 1365;

**WHEREAS**, on July 30, 2012, CSPA filed a complaint ("Complaint") against Defendants in this Court, *California Sportfishing Protection Alliance v. Cordiano*, *et al* (USDC, E.D. Cal.,

1  Case No. 2:12-CV-01989) and the Complaint incorporated by reference all of the allegations

2  contained in CSPA's 60-Day Notice Letter;

3  **WHEREAS**, CSPA and Defendants, through their authorized representatives and without

4  either adjudication of CSPA's claims or admission by Defendants of any alleged violation or

5  other wrongdoing, have chosen to resolve in full by way of settlement the allegations of CSPA as

6  set forth in CSPA's 60-Day Notice Letter and the Complaint, thereby avoiding the costs and

7  uncertainties of further litigation.  A copy of the agreement ("Settlement Agreement") entered

8  into by and between CSPA and Defendants is attached hereto as Exhibit A and incorporated by

9  reference.

10  **WHEREAS**, CSPA submitted the Settlement Agreement via certified mail, return receipt

11  requested, to the U.S. EPA and the U.S. Department of Justice ("the agencies") and the 45-day

12  review period set forth at 40 C.F.R. § 135.5 has been completed without objection by the

13  agencies.

14  **NOW THEREFORE, IT IS HEREBY STIPULATED** and agreed to by and between

15  the Parties that CSPA's claims, as set forth in its 60-Day Notice Letter and the Complaint, be

16  dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  The Parties

17  respectfully request an order from this Court dismissing such claims with prejudice.  In

18  accordance with Clauses 15(b) and 17 of the Settlement Agreement, the Parties also request that

19  this Court retain and have jurisdiction over the Parties through September 30, 2014, for the sole

20  purpose of resolving any disputes between the Parties with respect to enforcement of any

21  provision of the Settlement Agreement.

22  //

23  //

24  //

25  //

26  //

27  //

28

| | | |
|---|---|---|
| 1 | Dated:  December 11, 2012 | LAW OFFICES OF ANDREW L. PACKARD |
| 2 | | |
| 3 | | By: /s/ Erik M. Roper_____ |
| 4 | | Erik M. Roper<br>Attorneys for Plaintiff |
| 5 | | CALIFORNIA SPORTFISHING PROTECTION ALLIANCE |
| 6 | | |
| 7 | | |
| 8 | Dated:  December 11, 2012 | DOWNEY BRAND LLP |
| 9 | | |
| 10 | | By: /s/ Melissa A. Thorme_____<br>(As authorized on December 11 – L.R. 131) |
| 11 | | Melissa A. Thorme<br>Attorneys for Defendants |
| 12 | | ANTHONY CORDIANO, *et al* |

**ORDER**

Good cause appearing, and the Parties having stipulated and agreed,

IT IS HEREBY ORDERED that Plaintiff California Sportfishing Protection Alliance's claims against Defendants Anthony Cordiano and Daniel Frye as set forth in CSPA's 60-Day Notice Letter and the Complaint filed in Case No. 2:12-CV-01989-LKK-DAD[1] are hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

IT IS FURTHER ORDERED that the Court shall retain and have jurisdiction over the Parties through September 30, 2014, for the sole purpose of resolving any disputes between the parties with respect to enforcement of any provision of the Settlement Agreement attached to the Parties' Stipulation to Dismiss as Exhibit A.[2]

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

Dated:  January 3, 2013.

*[signature]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] It appears that plaintiff timely provided the required notice to the United States, California and the defendants, as required by 33 U.S.C. § 1365(b)(1)(A).  See Complaint (ECF No. 1).  The U.S. Department of Justice ("DoJ") has advised the court that it has no objection to the proposed dismissal and settlement agreement.  U.S. DoJ Letter of December 7, 2012 (ECF No. 11).  See 33 U.S.C. § 1365(c)(3) (providing for the protection of the interests of the United States).

[2] The court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a)(1)(A).  In addition, the court may retain jurisdiction to enforce the settlement agreement.  See Saint John's Organic Farm v. Gem County Mosquito Abatement Dist., 574 F.3d 1054, 1059 (9th Cir. 2009) ("Binding settlement agreements over which the district court retains jurisdiction to enforce are judicially enforceable"), citing Richard S. v. Dep't of Dev. Servs. of Cal., 317 F.3d 1080, 1088 (9th Cir. 2003).