1   ANDREW L. PACKARD (State Bar No. 168690)
    ERIK ROPER (State Bar No. 259756)
2   EMILY J. BRAND (State Bar No. 267564)
    Law Offices of Andrew L. Packard
3   100 Petaluma Blvd. N Ste 301
    Petaluma, CA 94952
4   Tel: (707) 763-7227
    Fax: (707) 763-9227
5   E-mail: andrew@packardlawoffices.com
              erik@packardlawoffices.com
6             emily@packardlawoffices.com

7   Attorneys for Plaintiff CALIFORNIA
    SPORTFISHING PROTECTION ALLIANCE

8

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11

12   CALIFORNIA SPORTFISHING              Case No. 2:12-CV-01989-LKK-DAD
     PROTECTION ALLIANCE, a non profit
13   corporation,

14              Plaintiff,                 **STIPULATION TO DISMISS
                                           PLAINTIFF'S CLAIMS WITH
15         vs.                             PREJUDICE; ORDER GRANTING
                                           DISMISSAL WITH PREJUDICE [FRCP
16   ANTHONY CORDIANO, an individual dba   41(a)(2)]**
     Jaguar Heaven and DANIEL FRYE, an
17   individual dba Jaguar Heaven,

18              Defendants.

19

20   TO THE COURT:

21         Plaintiff California Sportfishing Protection Alliance ("CSPA"), and Defendant Anthony

22   Cordiano and Defendant Daniel Frye ("Defendants") (collectively, the "Parties") stipulate as

23   follows:

24         **WHEREAS**, on or about May 29, 2012, CSPA provided Defendants with a Notice of

25   Violations and Intent to File Suit ("60-Day Notice Letter") under Section 505 of the Federal

26   Water Pollution Control Act ("Act" or "Clean Water Act"), 33 U.S.C. § 1365;

27         **WHEREAS**, on July 30, 2012, CSPA filed a complaint ("Complaint") against Defendants

28   in this Court, *California Sportfishing Protection Alliance v. Cordiano, et al* (USDC, E.D. Cal.,

1    Case No. 2:12-CV-01989) and the Complaint incorporated by reference all of the allegations

2    contained in CSPA's 60-Day Notice Letter;

3        **WHEREAS**, CSPA and Defendants, through their authorized representatives and without

4    either adjudication of CSPA's claims or admission by Defendants of any alleged violation or

5    other wrongdoing, have chosen to resolve in full by way of settlement the allegations of CSPA as

6    set forth in CSPA's 60-Day Notice Letter and the Complaint, thereby avoiding the costs and

7    uncertainties of further litigation.  A copy of the agreement ("Settlement Agreement") entered

8    into by and between CSPA and Defendants is attached hereto as Exhibit A and incorporated by

9    reference.

10       **WHEREAS**, CSPA submitted the Settlement Agreement via certified mail, return receipt

11   requested, to the U.S. EPA and the U.S. Department of Justice ("the agencies") and the 45-day

12   review period set forth at 40 C.F.R. § 135.5 has been completed without objection by the

13   agencies.

14       **NOW THEREFORE, IT IS HEREBY STIPULATED** and agreed to by and between

15   the Parties that CSPA's claims, as set forth in its 60-Day Notice Letter and the Complaint, be

16   dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  The Parties

17   respectfully request an order from this Court dismissing such claims with prejudice.  In

18   accordance with Clauses 15(b) and 17 of the Settlement Agreement, the Parties also request that

19   this Court retain and have jurisdiction over the Parties through September 30, 2014, for the sole

20   purpose of resolving any disputes between the Parties with respect to enforcement of any

21   provision of the Settlement Agreement.

22   //

23   //

24   //

25   //

26   //

27   //

28

1     Dated:  December 11, 2012         LAW OFFICES OF ANDREW L. PACKARD

2

3                                        By: /s/ Erik M. Roper_____

4                                        Erik M. Roper
                                         Attorneys for Plaintiff

5                                        CALIFORNIA SPORTFISHING PROTECTION
                                         ALLIANCE

6

7

8     Dated:  December 11, 2012         DOWNEY BRAND LLP

9

10                                        By: /s/ Melissa A. Thorme_____
                                       (As authorized on December 11 – L.R. 131)

11                                        Melissa A. Thorme
                                       Attorneys for Defendants

12                                        ANTHONY CORDIANO, *et al*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

Good cause appearing, and the Parties having stipulated and agreed,

IT IS HEREBY ORDERED that Plaintiff California Sportfishing Protection Alliance's claims against Defendants Anthony Cordiano and Daniel Frye as set forth in CSPA's 60-Day Notice Letter and the Complaint filed in Case No. 2:12-CV-01989-LKK-DAD[1] are hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

IT IS FURTHER ORDERED that the Court shall retain and have jurisdiction over the Parties through September 30, 2014, for the sole purpose of resolving any disputes between the parties with respect to enforcement of any provision of the Settlement Agreement attached to the Parties' Stipulation to Dismiss as Exhibit A.[2]

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

Dated:  January 3, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1]  It appears that plaintiff timely provided the required notice to the United States, California and the defendants, as required by 33 U.S.C. § 1365(b)(1)(A).  See Complaint (ECF No. 1).  The U.S. Department of Justice ("DoJ") has advised the court that it has no objection to the proposed dismissal and settlement agreement.  U.S. DoJ Letter of December 7, 2012 (ECF No. 11).  See 33 U.S.C. § 1365(c)(3) (providing for the protection of the interests of the United States).

[2]  The court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 1365(a)(1)(A).  In addition, the court may retain jurisdiction to enforce the settlement agreement.  See Saint John's Organic Farm v. Gem County Mosquito Abatement Dist., 574 F.3d 1054, 1059 (9th Cir. 2009) ("Binding settlement agreements over which the district court retains jurisdiction to enforce are judicially enforceable"), citing Richard S. v. Dep't of Dev. Servs. of Cal., 317 F.3d 1080, 1088 (9th Cir. 2003).